1  LTL ATTORNEYS LLP
   James M. Lee (Bar No. 192301)
2  james.lee@ltlattorneys.com
   Roozbeh Gorgin (Bar No. 276066)
3  roozbeh.gorgin@ltlattorneys.com
   601 S. Figueroa Street, Suite 3900
4  Los Angeles, California 90017
   Tel.: 213-612-8900
5  Fax: 213-612-3773

6  Attorneys for Plaintiffs
   WENDY WHEATON and
7  TOMMY PHIPPS, SR.

8
                    **UNITED STATES DISTRICT COURT**
9
                    **CENTRAL DISTRICT OF CALIFORNIA**
10

11

12  WENDY WHEATON, an individual;         CASE NO.: 2:16-cv-2308
    TOMMY PHIPPS SR., an individual,
13
                    Plaintiffs,            **COMPLAINT FOR COPYRIGHT**
14                                         **INFRINGEMENT**
              v.
15
    PUBLIC BROADCASTING SERVICE,
16  a District of Columbia corporation;    **DEMAND FOR JURY TRIAL**
    WORLD OF SURROGACY, INC., a
17  Maryland corporation; CRYSTAL
    TRAVIS, an individual; and DOES 1-
18  10,

19
                    Defendants.
20

21

22

23

24

25

26

27

28

Plaintiffs Wendy Wheaton ("Wheaton") and Tommy Phipps, Sr. ("Phipps") (collectively "Plaintiffs"), by and through their attorneys of record allege against Defendants Public Broadcasting Service ("PBS"), World of Surrogacy, Inc. ("WOS"), Crystal Travis ("Travis"), and DOES 1-10 inclusive (collectively "Defendants"), the following:

## NATURE OF THE ACTION

1.    This is a civil action for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*.

## THE PARTIES

2.    Plaintiff Wheaton is an individual residing in Sherman Oaks, California.

3.    Plaintiff Phipps is an individual residing in Sherman Oaks, California.

4.    On information and belief, Defendant Travis is an individual residing in Laurel, Maryland.

5.    On information and belief, Defendant WOS is a company organized under the laws of the State of Maryland and has a principal place of business at 9624 Hadleigh Court, Laurel, Maryland 20723.

6.    On information and belief, Defendant PBS is a company organized under the laws of the District of Columbia and has its principal place of business at 2100 Crystal Drive, Arlington, Virginia 22202.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338.

8.    This Court has personal jurisdiction over Defendant PBS because, among other things, PBS has engaged in direct, contributory, vicarious, and/or otherwise induced acts of copyright infringement in California.  Plaintiffs are

1

1  informed and believe that Defendant PBS has engaged in continuous and systematic

2  business in California and, upon information and belief, derives substantial revenues

3  from commercial activities in California.  Plaintiffs are informed and believe that

4  Defendant PBS has also engaged in a multiplicity of acts directed toward California,

5  including without limitation: soliciting and engaging in commercial transactions

6  with California users, operating highly interactive websites that permit PBS's

7  California users to view infringing copyrighted materials which are the subject of

8  this action, and using the lure of the these copyrighted materials to openly encourage

9  California users to visit these interactive websites.  As a result, there is a direct and

10  substantial nexus between Plaintiffs claims in this case and Defendant PBS's

11  transaction of business with its California users.

12        9.      This Court has personal jurisdiction over Defendants WOS and Travis

13  because, among other things, WOS and Travis have engaged in direct, contributory,

14  vicarious, and/or otherwise induced acts of copyright infringement in California.

15  Plaintiffs are informed and believe that Defendants WOS and Travis have engaged

16  in continuous and systematic business in California, and upon information and

17  belief, derive substantial revenues from commercial activities in California.

18  Plaintiffs are informed and believe that Defendants WOS and Travis have also

19  engaged in a multiplicity of acts directed towards California including without

20  limitation: soliciting and engaging in commercial transactions with California users,

21  operating highly interactive websites that permit Defendants' California users to

22  view content and soliciting business from California users through the highly

23  interactive website, and requesting that California residents reach out to

24  entertainment companies operating in California to promote Defendant Travis and

25  her company WOS and garner media and entertainment publicity in California.  As

26  a result, there is a direct and substantial nexus between Plaintiffs' claims in this case

27  and Defendants' transaction of business with California residents.

28        10.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c)

and/or 28 U.S.C. § 1400(a).

COMPLAINT FOR COPYRIGHT INFRINGEMENT

1

## FACTUAL BACKGROUND

2    11.    Wheaton is a producer, theatrical agent, and publicist with over thirty

3 years of experience in the entertainment industry.

4    12.    As part of her work, Wheaton represents clients, whereby Wheaton

5 performs public relations ("PR") services on the client's behalf.

6    13.    Phipps is an experienced cameraman, director, writer, producer and

7 cinematographer, who works with Wheaton, creating shows.

8    14.    On information and belief, Travis is a consultant who purports to assist

9 clients in navigating the international surrogacy process.

10    15.    On information and belief, Travis is the owner of WOS.

11    16.    On information and belief, and according to WOS's website, WOS

12 offers a number of services to its clients, including helping select potential surrogates

13 and/or egg donors, monitoring surrogate mothers, and providing an online system

14 for accounting and test results.

15

## WHEATON, PHIPPS, AND TRAVIS MEET

16    17.    In December 2012, Wheaton and Phipps met Travis in New York City.

17    18.    During this meeting, Travis told Wheaton and Phipps, that she wanted

18 Wheaton to promote Travis' business, WOS, and to enhance her brand through a

19 media outreach campaign.

20    19.    On January 17, 2013, Travis signed a PR contract with Wheaton for PR

21 services.

22    20.    According to the contract, Wheaton was to create a marketing strategy

23 for WOS, approach appropriate media outlets, and promote Travis as an interview

24 subject.

25    21.    The contract did not have provisions regarding intellectual property

26 rights to any materials generated as part of the PR services.

27

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT

## WHEATON, PHIPPS, AND TRAVIS AGREE TO MAKE A
## DOCUMENTARY

22.     On or about February 7, 2013, Travis told Wheaton and Phipps that she was making a trip to India to reconnect with her surrogacy contacts there, and suggested Wheaton and Phipps accompany her to film her visit.

23.     Wheaton and Phipps proposed that they create a documentary on their trip and on the subject of surrogacy.

24.     Wheaton and Phipps did not grant any express or implied licenses to Travis to use any photos or videos taken in India.

25.     Prior to leaving for India, Wheaton began pitching the proposed documentary to Oprah Winfrey, in an effort to get Oprah to feature the documentary on her network.

## WHEATON, PHIPPS, AND TRAVIS TRAVEL TO INDIA

26.     From March 12, 2013 to March 18, 2013, Wheaton, Phipps, and Travis travelled throughout India, documenting their visit, setting up interviews, and organizing shots to maximize the aesthetics and usefulness of the documentary.

27.     During their trip, Wheaton and Phipps took hundreds of individual videos and photographs.

28.     At the conclusion of the trip, Travis repeatedly asked for Wheaton and Phipps to provide her with the footage taken, even going so far as to buy a hard drive in the airport on the way back from India for Wheaton and Phipps to put the footage onto it.

29.     On March 25, 2013, Wheaton sent Travis a hard drive containing all the footage, including all videos and photographs, taken from the trip.

30.     No documentary was ever created based on Wheaton, Phipps, and Travis' trip to India.

31.     On April 6, 2013, counsel for Wheaton and Phipps sent a letter to Travis notifying Travis that in order to use the footage, including all videos and photographs

1 | taken on the trip, Travis would need a license from Wheaton and Phipps, and absent
2 | such release, any use would be unauthorized.

3 | **TRAVIS AND PBS USE WHEATON'S AND PHIPPS' FOOTAGE**

4 |      32.     On or before May 10, 2013, PBS published an episode of <u>To the</u>
5 | <u>Contrary with Bonnie Erbǿ</u> entitled "<u>Sexual Assault; Egg Freezing; International</u>
6 | <u>Surrogacy</u>" ("the PBS Video").

7 |      33.     A true and correct copy of the PBS Video may be found at
8 | http://www.pbs.org/to-the-contrary/watch/728/sexual-assault;-egg-freezing;-
9 | international-surrogacy.

10 |      34.     The PBS Video uses at least 17 instances of the copyrighted videos
11 | and/or photographs ("the Infringed Works"), taken from Wheaton, Phipps, and
12 | Travis' trip to India.

13 |      35.     On information and belief, Travis provided Wheaton's and Phipps'
14 | footage to PBS for use in the PBS Video on or before May 10, 2013 and palmed it
15 | off as her own.

16 |      36.     On information and belief, Travis and/or PBS marked several of the
17 | Infringed Works by visibly watermarking them as "Courtesy: of World of
18 | Surrogacy."

19 |      37.     On information and belief, PBS knowingly reproduced, publicly
20 | distributed, and publicly displayed the Infringed Works belonging to Wheaton and
21 | Phipps on numerous occasions via at least its website without Wheaton or Phipps'
22 | permission, consent, or license.

23 | **WHEATON AND PHIPPS' SOUGHT COPYRIGHT REGSITRATION**

24 |      38.     Wheaton and Phipps sought copyright registrations for the Infringed
25 | Works within 90 days of the first publication of the copyrighted material.    The
26 | copyright registrations for both the photographs and videos are attached hereto as
27 | Exhibits A and B.

28 |

**FIRST CLAIM FOR RELIEF**

**(COPYRIGHT INFRINGEMENT, 17 U.S.C. § 501 – As to all Defendants)**

39.    Plaintiffs incorporate by reference all the preceding paragraphs as if fully set forth herein.

40.    Plaintiffs are the owners of all rights, title, and interest in the copyrights to the Infringed Works, which substantially consist of material wholly original to Plaintiffs and which are copyrightable subject matter under the laws of the United States.

41.    Defendants have directly, vicariously, contributorily, and/or through inducement infringed the Infringed Works, and unless enjoined, will continue to infringe Plaintiffs' copyrights by reproducing, displaying, distributing, and utilizing the Infringed Works, through at least the PBS Video, in violation of 17 U.S.C. § 501, *et seq*.

42.    Defendants have willfully infringed, and unless enjoined, will continue to infringe Plaintiffs copyrights by knowingly reproducing, displaying, distributing, and utilizing the Infringed Works through, at least, PBS's website.

43.    Defendants' acts of infringement are willful because, Defendants are sophisticated publishers of content with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation, and despite such knowledge, willfully reproduced, publicly distributed, and publicly displayed the Infringed Works on, at least, PBS's website.

44.    On information and belief, Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution, and utilization of the Infringed Works, including increased the traffic to Defendants websites, increased awareness of Defendants' businesses, and increasing business for Defendants.

45.    Defendants' actions were at all times performed without Plaintiffs permission, license, or consent.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

46.     As a result of Defendants acts, Plaintiffs have suffered, and are suffering substantial damage to their business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of their rights, all of which are not yet fully ascertainable.   Unless this Court enjoins Defendants from further commission of said acts, Wheaton and Phipps will suffer irreparable injury.   Accordingly, Plaintiffs seek a declaration that Defendants are infringing Plaintiffs' copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiffs' copyrights.

47.     As a result of Defendants acts, Plaintiffs have suffered, and are suffering substantial damage to their business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of their rights, all of which are not yet fully ascertainable.   Accordingly, Plaintiffs request monetary damages for Defendants' infringement.

48.     Because of the willful nature of the copyright infringement, Wheaton and Phipps are entitled to an award of statutory damages equal to $150,000 per work infringed.

49.     Wheaton and Phipps have identified at least 17 instances of infringement by Defendants, which occurred by way of reproduction, public distribution, and public display of the Infringed Works through, at least, PBS' website.

50.     All 17 of the works infringed are eligible for statutory damages.

51.     Alternatively, at their discretion, Wheaton and Phipps are entitled to actual damages in an amount to be proven at trial for the infringement of all works at issue.

52.     Plaintiffs are also entitled to their attorneys' fees in prosecution of this action under 17 U.S.C. § 505.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

1

**JURY DEMAND**

2        53.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs

3   demand a trial by jury on all issues triable as such.

4

5

**PRAYER FOR RELIEF**

6        WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of

7   the, jointly and severally, as follows:

8        A.     For damages in such amount as may be found, or otherwise permitted

9   by law.

10       B.     For a preliminary and permanent injunction prohibitng Defendants for

11  confinuing to infringe Plaintiffs' copyrights in the Infringed Works.

12       C.     For prejudgement interest.

13       D.     For costs and attorenys' fees.

14       E.     Such other relief as the Court may deem just and proper.

15

16  Dated:  April 5, 2016                    LTL ATTORNEYS LLP

17

18                                           _____
                                             James M. Lee
19                                           Roozbeh Gorgin
                                             Attorneys for *Wendy Wheaton and Tommy*
20                                           *Phipps Sr.*

21

22

23

24

25

26

27

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

PA 1-858-092

**Effective date of registration:**

June 17, 2013

## Title

| | |
|---|---|
| **Title of Work:** | Published Videos From March 2013 Surrogacy Trip to India |
| **Contents Titles:** | Video-Kingsley1;Video-Kingsley2;Video-Kingsley3;Video-Kingsley4;Video-Kingsley5;Video-Kingsley6;Video-Kingsley7;Video-Kingsley8;Video-Kingsley9;Video-Kingsley10;Video-Kingsley11;Video-Kingsley12;Video-Kingsley13 |
| | Video-UKParent1;Video-UKParent2;Video-UKParent3;Video-UKParent4;Video-UKParent5;Video-UKParent6;Video-UKParent7;Video-UKParent8;Video-UKParent9;Video-UKParent10;Video-UKParent11;Video-UKParent12;Video-UKParent13;Video-UKParent14;Video-UKParent15;Video-UKParent16 |
| | Video-Hotel1;Video-Hotel2;Video-Hotel3;Video-Hotel4;Video-Hotel5;Video-Hotel6 |
| | Video-Patel1;Video-Patel2;Video-Patel3;Video-Patel4;Video-Patel5;Video-Patel6;Video-Patel7;Video-Patel8;Video-Patel9;Video-Patel10;Video-Patel11;Video-Patel12;Video-Patel13;Video-Patel14;Video-Patel15 |
| | Video-Patel16;Video-Patel17;Video-Patel18;Video-Patel19;Video-Patel20;Video-Patel21;Video-Patel22;Video-Patel23;Video-Patel24;Video-Patel25;Video-Patel26;Video-Patel27;Video-Patel28; |
| | Video-Patel29;Video-Patel30;Video-Patel31;Video-Patel32;Video-Patel33 |
| | Video-Malik1;Video-Malik2;Video-Malik3;Video-Malik4;Video-Malik5;Video-Malik6;Video-Malik7;Video-Malik8;Video-Malik9;Video-Malik10;Video-Malik11 |

## Completion/Publication

| | | | |
|---|---|---|---|
| **Year of Completion:** | 2013 | | |
| **Date of 1st Publication:** | March 25, 2013 | **Nation of 1st Publication:** | United States |

## Author

| | | | |
|---|---|---|---|
| ■ **Author:** | Tommy Phipps, Sr. | | |
| **Author Created:** | production/producer, direction/director, cinematography/cinematographer | | |
| **Work made for hire:** | No | | |
| **Citizen of:** | United States | **Domiciled in:** | United States |
| **Year Born:** | 1969 | | |

Registration #:   PA0001858092

Service Request #:   1-948955361



Olavi Dunne, LLP
Matt Olavi
800 Wilshire Blvd
Suite 320
Los Angeles, CA 90017  United States

# EXHIBIT B

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-876-415**

**Effective date of
registration:**

June 17, 2013

## Title

**Title of Work:** Published Photos from March 2013 Trip to India

**Previous or Alternative Title:** Group registration/photos 232 photos

**Contents Titles:** Photo-Kingsley1;Photo-Kingsley2;Photo-Kingsley3;Photo-Kingsley4;Photo-Kingsley5;Photo-Kingsley6;Photo-Kingsley7;Photo-Kingsley8;Photo-Kingsley9;Photo-Kingsley10;Photo-Kingsley11;Photo-Kingsley12;Photo-Kingsley13;Photo-Kingsley14;Photo-Kingsley15
Photo-Kingsley16;Photo-Kingsley17;Photo-Kingsley18;Photo-Kingsley19;Photo-Kingsley20;Photo-Kingsley21;Photo-Kingsley22;Photo-Kingsley23;Photo-Kingsley24;Photo-Kingsley25;Photo-Kingsley26;Photo-Kingsley27;Photo-Kingsley28;Photo-Kingsley29;Photo-Kingsley30;Photo-Kingsley31;Photo-Kingsley32
Photo-Kingsley33;Photo-Kingsley34;Photo-Kingsley35;Photo-Kingsley36;Photo-Kingsley37;Photo-Kingsley38;Photo-Kingsley39;Photo-Kingsley40;Photo-Kingsley41;Photo-Kingsley42;Photo-Kingsley43;Photo-Kingsley44;Photo-Kingsley45;Photo-Kingsley46
Photo-UKParent1;Photo-UKParent2;Photo-UKParent3;Photo-UKParent4;Photo-UKParent5;Photo-UKParent6;Photo-UKParent7;Photo-UKParent8;Photo-UKParent9;Photo-UKParent10;Photo-UKParent11;Photo-UKParent12;Photo-UKParent13;Photo-UKParent14;Photo-UKParent15;Photo-UKParent16;Photo-UKParent17;Photo-UKParent18
Photo-UKParent19;Photo-UKParent20;Photo-UKParent21;Photo-UKParent22;Photo-UKParent23;Photo-UKParent24;Photo-UKParent25;Photo-UKParent26;Photo-UKParent27;Photo-UKParent28;Photo-UKParent29;Photo-UKParent30;Photo-UKParent31;Photo-UKParent32;Photo-UKParent33;Photo-UKParent34;Photo-UKParent35;Photo-UKParent36;Photo-UKParent37;Photo-UKParent38;
Photo-UKParent39;Photo-UKParent40;Photo-UKParent41;Photo-UKParent42;Photo-UKParent43;Photo-UKParent44;Photo-UKParent45;Photo-UKParent46;Photo-UKParent47;Photo-UKParent48;Photo-UKParent49;Photo-UKParent50;Photo-UKParent51;Photo-UKParent52;Photo-UKParent53;Photo-UKParent54;Photo-UKParent55;Photo-UKParent56;Photo-UKParent57;Photo-UKParent58;Photo-UKParent59

## Rights and Permissions

**Name:** Wendy  Wheaton

**Email:** wendy.wheaton@yahoo.com

## Certification

**Name:** Matt Olavi

**Date:** June 13, 2013